Chen v. Holder

BIA
Schoppert, IJ
A093 043 011

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand thirteen.

PRESENT:
    BARRINGTON D. PARKER,
    GERARD E. LYNCH,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

ZHEN CHUN CHEN,
        *Petitioner,*

    v.                                          12-1616
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Song
                       Park, Senior Litigation Counsel;
                       Joseph A. O'Connell, Attorney,
                       Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Chun Chen, a native and citizen of China, seeks review of a March 23, 2012 order of the BIA, affirming the May 26, 2010 decision of Immigration Judge ("IJ") Douglas B. Schoppert, who denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Chun Chen*, No. A093 043 011 (B.I.A. Mar. 23, 2012), *aff'g* No. A093 043 011 (Immig. Ct. New York City May 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Chen's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Contrary to Chen's assertions, the agency reasonably found that he was not credible on the basis of testimonial inconsistencies concerning: (1) the type of church he attended in China; (2) when he was persecuted; and (3) the length of his detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Although Chen argues that these inconsistencies were too minor to support an adverse credibility determination, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *See Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original). Moreover, because Chen alleged that he suffered a single

3

incident of persecution based on his membership in an underground Christian church, the IJ correctly noted that his testimonial inconsistencies regarding whether he attended an underground church, when he suffered persecution, and the duration of the detention under which his persecution occurred went directly to the heart of his claim.  *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003), *overruled by Xiu Xia Lin*, 534 F.3d 162.

Chen's contention that the IJ failed to identify the testimonial inconsistencies at his hearing or request an explanation is misplaced.  While it is true that an IJ may not rest an adverse credibility finding on a non-dramatic discrepancy without first putting a petitioner on notice and offering an opportunity to explain, the agency need not give such notice and opportunity where, as here, it relied on dramatic discrepancies that went to the very heart of an applicant's claim.  *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006).  In any event, Chen was not denied an opportunity to explain his testimonial inconsistencies because his attorney submitted a written closing statement indicating that they were the result of interpretation problems and Chen's poor education.  However, the IJ did not err in failing to credit these explanations, which were not

4

compelling in light of Chen's testimony that Mandarin was his best dialect and he had no problems understanding the interpreter.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Because we find the agency's adverse credibility determination supported by substantial evidence on the basis of Chen's testimonial inconsistencies, we decline to reach the IJ's demeanor finding.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *see also Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (finding that remand is futile where the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks omitted)).

Having reasonably found that Chen failed to establish his eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal, as both claims shared the same factual predicate.  *See Paul v.*

*Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). The agency also did not err in finding that Chen failed to establish his entitlement to CAT relief in the absence of credible testimony, because he failed to present any documentary evidence regarding the torture of Christians in China, a dispositive finding that Chen has failed to contest. *See In re M-B-A-*, 23 I. & N. Dec. 474, 479-80 (B.I.A. 2002) (noting that a claim "based on a chain of assumptions and a fear of what might happen" is insufficient to demonstrate eligibility for relief under the CAT); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not argued in briefs are deemed abandoned).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6